IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRAD L. ANDERSON, #264115, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 2:11-CV-1088-TMH |
| | ) [WO] |
| | ) |
| JEFFERSON COUNTY PROBATION | ) |
| and PAROLE OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 20, 2011, Brad L. Anderson, ["Anderson"], a state inmate, filed the instant complaint in which he challenges his custody classification. Specifically, Anderson asserts correctional officials relied on alleged false information in denying him placement in a less restrictive classification level. Anderson did not submit the $350 filing fee and, instead, filed documents seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. In support of this request, Anderson provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After thorough review of the financial information provided by Anderson and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined Anderson owed an initial partial filing fee of $37.73. *Order of January 5, 2012 - Court Doc.*

*No. 3* at 2. The court therefore ordered Anderson to pay $37.73 as an initial partial filing fee. *Id*. This order specifically informed Anderson "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Anderson] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Additionally, the court specifically cautioned Anderson that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*. Anderson has not submitted payment of the initial partial filing fee nor has he advised the court of the need for an extension to file such fee as required by the order entered in this case. The court therefore concludes the instant cause of action should be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

It is further

ORDERED that **on or before February 27, 2012**, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the

Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 13th day of February, 2012.

                                             /s/Charles S. Coody
                                         CHARLES S. COODY
                                         UNITED STATES MAGISTRATE JUDGE